(No. 41541.—

ALBERT PACIONE, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(Libbey, Owens Ford Glass Company, Appellee.)

*Opinion filed January 29, 1969.*

PETER F. FERRACUTI and ROBERT E. WHITE, both of Ottawa, for appellant.

HEYL, ROYOTER, VOELKER, AND ALLEN, of Peoria, (RICHARD N. MOLCHAN and RAYMOND C. ROSE, of counsel,) for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of LaSalle County affirming a decision of the Industrial Commission finding that plaintiff, Albert Pacione, failed to establish a causal connection between an accidental injury sustained on April 22, 1958, and his condition of ill-being between June 3, 1960, and his return to work in 1963.

This claim has a long and involved history. An arbitrator found that the 1958 injury arose out of and in the course of plaintiff's employment and granted an award. The Commission reversed the decision of the arbitrator and the circuit court in turn reversed the Commission and remanded to determine whether plaintiff suffered a compensable injury on April 22, 1958. A hearing was held by the Commission and it found that while plaintiff had sustained an injury on April 22, 1958, he failed to prove the injury arose out of and in the course of his employment. On January 14, 1963, upon a second writ of *certiorari,* the circuit court found the Commission's decision was contrary to the manifest weight of the evidence, held that a causal connection existed between the accidental injury and the then mental condition of plaintiff and that he suffered an accidental injury to the lumbar spine. The court remanded to the Commission solely for the purpose of fixing the amount of the award. Pursuant to the court's order, the Commission found on September 18, 1963, that plaintiff became totally incapacitated for work on June 23, 1958, and remained so until June 3, 1960, and it awarded temporary total compensation for 101$\frac{3}{7}$ weeks. It also found that such incapacity continued and had not reached a permanent condition as of March 13, 1963, and ordered that the decision not be a bar to a further hearing to determine a further amount for

temporary total or permanent disability under section 19(b) of the Workmen's Compensation Act (Ill. Rev. Stat. 1963, ch. 48, par. 138.19(b),) which reads in pertinent part: "The Arbitrator or committee of arbitration may find that the disabling condition is temporary and has not yet reached a permanent condition and may order the payment of compensation up to the date of the hearing, which award shall be reviewable and enforceable in the same manner as other awards, and in no instance be a bar to a further hearing and determination of a further amount of temporary total compensation or of compensation for permanent disability, but shall be conclusive as to all other questions except the nature and extent of said disability."

Plaintiff again appeared before the arbitrator seeking temporary total compensation from the last date of payment to September 16, 1963, the date when he finally returned to work. On March 18, 1966, the arbitrator entered an award of $42 per week for 171 weeks (the additional period of temporary total incapacity) in the amount of $7182 representing accrued unpaid compensation. The Commission reviewed the award and set it aside on the ground that plaintiff "failed in the burden of proof to establish a causal connection between the accidental injury sustained on April 22, 1958, and the present condition of ill-being complained of * * *." The circuit court of LaSalle County affirmed on December 28, 1966, and this appeal is from that judgment.

As cases are usually posed, we do not substitute our judgment for that of the Industrial Commission, and the Commission's findings will not be disturbed unless they are against the manifest weight of the evidence. (See *e.g., Owens-Illinois Glass Co.* v. *Industrial Com.,* 39 Ill.2d 312, and cases therein cited.) But here we have the peculiar situation of two contradictory holdings of the Commission covering most of the period for which additional compensation is claimed. Before reaching the question of whether the

last holding of the Commission is contrary to the manifest weight of the evidence, we must consider the effect of the Commission's order of September 18, 1963.

As heretofore noted, the circuit court in the second *certiorari* proceeding, found the Commission's finding of no liability contrary to the manifest weight of the evidence and remanded solely for the purpose of fixing the amount of the award. But the Commission went further. It not only found that plaintiff was totally incapacitated for work from June 23, 1958, to June 3, 1960, (apparently using the latter date because it was the date of the original hearing) and made an award on that basis, but it went further and stated that incapacity continued and had not reached a permanent condition on March 13, 1963, the date of hearing. It further held that plaintiff was entitled to additional compensation under section 19(b) and that its decision not act as a bar to a further hearing under that section. By so holding the Commission went beyond the court's order, but it cannot at this time be ignored and treated as surplusage. In fact, the employer does not contend that it should be ignored. Rather, it argues that the finding of incapacity for work was not a finding that the incapacity "was as a result of the accidental injuries sustained on April 22, 1958." The plain language of the order indicates the contrary. The order recites: "That as a result of said accidental injuries sustained by Petitioner on April 22, 1958, the said petitioner became totally incapacitated for work on June 23, 1958, until June 3, 1960, and that said incapacity for work continues and has not reached a permanent condition as of the date of this hearing, to-wit, March 13, 1963 * * *." The word "said", in referring to the continuing incapacity, necessarily refers back to the "accidental injuries" of April 22, 1958.

We are of the opinion that the holding of continuing incapacity was not void even though it went beyond the terms of the remanding order. Section 19(f) of the Act

(Ill. Rev. Stat. 1963, ch. 48, par. 138.19(f),) provides that decisions of the Commission are conclusive, in the absence of fraud, unless suit by writ of *certiorari* is instituted within 20 days of the receipt of notice of the Commission's decision. Here, the Commission had jurisdiction of the subject matter (by the provisions of the statute) and the parties and, since neither of the parties sought a review by *certiorari,* the order of the Commission became final. The Commission's order of December 28, 1966, (affirmed by the circuit court) denying compensation is not against the manifest weight of the evidence as to the period from March 13, 1963, to September 28, 1963, but the Commission was precluded from denying compensation from June 3, 1960, to March 13, 1963, by virtue of its order of September 18, 1963.

The judgment of the circuit court of LaSalle County is affirmed insofar as it affirmed the decision of the Industrial Commission denying compensation from March 13, 1963, to September 28, 1963, and that portion of the judgment and the decision of the Commission which denied compensation for the period from June 3, 1960, to March 13, 1963, is reversed, and the cause is remanded to the Commission with directions to order payment of compensation for the latter period.

*Affirmed in part and
reversed in part and
remanded, with directions.*